CALIFORNIA ANTI-SLAPP PROJECT
Mark Goldowitz, No. 96418
        email:  mg@casp.net
Paul Clifford, No. 119015
Shanti Michaels, No. 268904
Evan Mascagni, No. 277552
2903 Sacramento Street
Berkeley, California 94702
Phone:  (510) 486-9123
Fax:       (510) 486-9708

YELP INC.
Aaron Schur, No. 229566
        email:  aschur@yelp.com
140 New Montgomery Street
San Francisco, CA 94105
Phone: (415) 908-3801
Fax:      (415) 615-0809

Attorneys for Defendant YELP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| DR. ALLEN PANZER, et al.,<br><br>         Plaintiffs,<br>   vs.<br><br>YELP INC.,<br><br>         Defendant. | Case No. 2:13-cv-07805-DDP-JCG<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE<br><br>Date:            February 10, 2014<br>Time:            10:00 a.m.<br>Courtroom:   3 - 2nd Floor<br>Judge:           Hon. Dean D. Pregerson<br>Action Filed:  October 22, 2013<br>Complaint Served:  October 25, 2013 |

# [PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE

The Special Motion to Strike the second and third claims of Plaintiffs' Complaint, filed by Defendant Yelp Inc. ("Yelp") pursuant to California Code of Civil Procedure section 425.16 ("§ 425.16"), came on regularly for hearing on February 10, 2014, at 10:00 a.m., in Courtroom 3, the Honorable Dean D. Pregerson, presiding.  The Court, having read and considered the papers filed in support of and in opposition to the Special Motion to Strike, having heard the argument of counsel, and the matter having been submitted, finds and orders as follows:

Yelp has met the burden of establishing that the allegations in the second and third claims of Plaintiffs' Complaint, for quantum meruit and unjust enrichment, arise from Yelp's conduct in furtherance of the constitutional right of free speech in connection with issues of public interest, pursuant to § 425.16.

Since Yelp met its burden of proving that the second and third claims in Plaintiffs' Complaint arise from protected conduct under § 425.16, the burden shifted to Plaintiffs to show by competent and admissible evidence that there was a probability that Plaintiffs would prevail on those claims.  The Court, having reviewed the evidence and objections thereto submitted by the parties, finds that Plaintiffs failed to meet their burden of showing by competent and admissible evidence that there is a probability that they would prevail on the second and third claims against Yelp.

The Plaintiffs having failed to meet their burden, the Court finds that Yelp's special motion to strike the second and third claims pursuant to § 425.16 was well taken and said claims should be stricken from the Complaint and dismissed with prejudice. Therefore, Yelp is entitled to an award of attorneys' fees and costs, pursuant to § 425.16(c).

///

1        IT IS HEREBY ORDERED that the second and third claims of Plaintiffs'
2 Complaint (labeled therein as "causes of action") are dismissed, with prejudice.
3 Defendant Yelp shall file its proof of fees and costs within 14 days of the date of this
4 order.
5        IT IS SO ORDERED.

7 Dated: _____

                                              _____
                                              Judge Dean D. Pregerson
                                              United States District Judge